**Felipe De Jesus RAMOS–
RUIZ, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**No. 02–70422.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 17, 2004.*

Decided June 21, 2004.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, SILVERMAN, and BYBEE, Circuit Judges.

### MEMORANDUM **

■ Felipe de Jesus Ramos–Ruiz, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his application for cancellation of removal. The BIA had concluded that Ramos–Ruiz failed to establish "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). We lack jurisdiction to review this discretionary decision by the Attorney General and dismiss the petition. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

■ Similarly, we lack jurisdiction to review Ramos–Ruiz's claim that the BIA violated his procedural due process rights. Ramos–Ruiz failed to exhaust that claim by either requesting the BIA to rehear his appeal with new counsel or attempting to move the BIA to reopen. Accordingly, 8 U.S.C. § 1252(d)(1) bars us from reaching the merits of this procedural due process claim not raised in administrative proceed-

ings before the BIA. *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

### PETITION DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

